IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VILMARIE LOPEZ-ORTIZ
Plaintiff

vs

MAPFRE; BUSINESS PROFESSIONAL
HIRERS; JOHN DOE; RICHARD DOE
Defendants

CIVIL 11-2013CCC

**ORDER**

Plaintiff, Vilmarie López-Ortiz, filed this action under various federal and local labor laws claiming that she was terminated from her employment by defendants, MAPFRE and Business Professional Hirers, due to her pregnancy. Before the Court now is the Motion to Dismiss filed by MAPFRE (**docket entry 5**), plaintiff's opposition (docket entry 6) and defendants' reply to the opposition (docket entry 10).

MAPFRE'S dismissal motion avers that plaintiff has failed to adequately plead in the Complaint her discrimination claim under the pleading standards established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), that having pled a claim under Puerto Rico Law 3 all her other supplemental claims are barred, and that the Court should refrain from exercising supplemental jurisdiction due to the different burden-of-proof standards between the federal and local labor laws. Plaintiff, in her opposition, asked for leave to amend the complaint to cure the alleged pleading deficiencies, which the Court allowed (docket entry 8). She accepts that her tort claim under Puerto Rico law is barred for her having pled causes of action under other specific local labor laws, but insists that she may seek remedies concurrently under all the other local labor statutes pled. Finally, she contends that the Court may properly exercise supplemental jurisdiction over said local claims in spite of the

CIVIL 11-2013CCC                            2

differing evidentiary burdens-of-proof with the federal claims. Defendant's reply mostly reasserts arguments already advanced in the dismissal motion.

Having reviewed plaintiff's original Complaint, the First Amended Complaint (docket entry 9) filed with leave of court after the dismissal motion, as well as the parties's arguments and applicable law, the Court RULES as follows:

- The request for dismissal of plaintiff's complaint for the alleged failure to meet the Twombly/Iqbal pleading standards is DENIED, as we find that both the original Complaint and the First Amended Complaint set forth enough facts to make her discrimination claim plausible.

- Plaintiff having conceded that dismissal of her tort claims under Articles 1802 and 1803 of the Civil Code of Puerto Rico is proper pursuant to Santini Rivera v. Serv. Air, Inc., 137 D.P.R. 1 (1994), where the Puerto Rico Supreme Court held that "to the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct under Article 1802," partial judgment will be entered separately dismissing said claims. Dismissal of her other claims under P.R. Laws 100, 69 and 80 is not required, however, merely because she has pled a claim under P.R. Law 3, as defendant argued. See e.g. García-Pagán v. Shiley Caribbean, etc., 122 D.P.R. 193 (1988).

- Defendant's request that we refrain from exercising supplemental jurisdiction due to the different burden-of-proof standards between the federal and local labor laws is also DENIED. It is not uncommon in this District to exercise supplemental jurisdiction over local labor law claims, even when there are differences with regard to the burdens of proof that the federal and local laws impose upon the employer and the employee. See e.g. Cardona-Jiménez v. Bancomerico de Puerto Rico, 174 F.3d 36 (1st Cir. 1999); Alvarez-Fonseca v.

CIVIL 11-2013CCC                             3

>Pepsi Cola of Puerto Rico, 152 F.3d 17 (1st Cir. 1998); Sánchez v. Puerto Rico Oil Co., 37 F.3d 712 (1st Cir. 1994).  We are confident that the jury instructions will "sufficient[ly] . . . enable the jury to cope with the different burdens of proof and apply them correctly." Wildman v. Lerner Stores Corp., 771 F.2d 605, 609 (1st Cir. 1985).  See e.g. Ramos v. Davis & Geck, Inc., 167 F.3d 727 (1st Cir. 1999)  (jury verdict rendered allowing Law No. 100 claim and refuting ADEA claim regardless of the difference in the burdens of proof).  As all the relevant factors militate in favor of exercising our supplemental jurisdiction over the claims asserted by plaintiff under the labor laws of Puerto Rico, we shall do so.

Accordingly, for the reasons stated above, defendant's Motion to Dismiss (**docket entry 5**) is GRANTED IN PART and DENIED IN PART.  As noted above, partial judgment will be entered dismissing plaintiff's claim under Articles 1802 and 1803 of the Civil Code of Puerto Rico.

SO ORDERED.

At San Juan, Puerto Rico, on August 3, 2012.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge